FRANK KLEBOSKY

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

MILITARY SERVICE—*when State is liable for injury sustained by soldier.* Claimant was injured while in the discharge of his duty, in pursuance to order of Commander-in-Chief, as a member of the Illinois National Guard. *Held*, claimant entitled to an award under Section II, Art. 16, Military & Naval Code of Illinois.

BASIS OF AWARD—*Workman's Compensation Act provisions applied.* Claimant is entitled to recover the difference between the amount earned prior to the injury and the amount he is able to earn subsequent to the injury sustained, under the rule applicable to lump sum settlements under the Workman's Compensation Act.

Edward J. Brundage, Attorney General, for State.

The claim in this case is for alleged disability resulting from injuries received while a member of the Illinois National Guard engaged in the performance of his duty in pursuance of orders. There is no dispute about the facts in this case. The claimant who was then a member of Co. D, 2nd Inf., Illinois National Guard entrained with his regiment on June 18th, 1916, for the point of mobilization at Springfield, Illinois. While leaving the train at Springfield and while in ranks and in uniform and in discharge of his duty as a soldier carrying a rifle and pack, in stepping from the train to the ground, claimant turned his foot a little and slipped and suffered a severe strain, resulting in a rupture. There was no platform at the point at which the troops detrained and the distance which the claimant stepped from the car to the ground was about two and one-half feet. Evidence shows that he was a large man, the largest in his company. A few days after arrival at Springfield he was mustered into the Federal Service but later on July 29, 1916, he was discharged because of this injury. After his discharge he was operated on by medical officers, the evidence showing he had a double hernia and that his operation was unsuccessful as to one side on which the more serious rupture had occurred. Claimant has previously presented a claim against the State to this Court for expenses incurred in the operation and loss of time which was allowed in the sum of $469.00. It appears that the claimant by reason of his injury has suffered a partial permanent disability. There appears to be grave doubt that a further operation to relieve him of his injury would be successful. He is a barber by trade and the evidence shows that he was able to earn $40.00 to $50.00 per week, and that since the injury he has only been able to earn the sum of $15.00

—9 C C

per week. The Court is of the opinion that claimant is clearly entitled to an award for the injury sustained and this view is concurred in by the Attorney General in behalf of the State. The evidence further goes to show that the claimant had a long record of honorable service in the State Militia and that although he was a man of 37 at the time of his last enlistment just prior to the injury, he still desired to serve the State and that he sought an operation after his discharge because he desired to fit himself to re-enter the service.

The question then arises as to the amount of compensation in a case of this kind and in the opinion of the Court it can well be based upon the rules applicable to lump sum settlements under the Workmen's Compensation Act. The difference between the amount which the claimant can now earn and that which he earned prior to his injury is more than double the maximum weekly allowance of $12.00 provided under the Compensation Act. The claimant has already been paid $250.00 for loss of time. The amount to which he would now be entitled as a lump sum almost exactly equals the sum of $3,000.00. We accordingly award the claimant the sum of three thousand dollars ($3,000.00) in full compensation for the injury sustained.